

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-25-2002

# Theodorou v. Measel

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3466

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Theodorou v. Measel" (2002). *2002 Decisions.* Paper 769.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/769

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-3466

_____

GEORGE THEODOROU

v.

GALE E. MEASEL, JR.; JOHN DICOLA, JR.;
DANIEL J. VOGLER; PHILLIP CARLO;
NESHANNOCK TOWNSHIP

Neshannock Township,
                                        Appellant

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
D.C. Civil No. 00-cv-00046
District Judge:  The Honorable Donetta W. Ambrose

_____

Submitted Under Third Circuit LAR 34.1(a)
November 20, 2002

_____

Before: BARRY, AMBRO, <u>Circuit Judges</u>, and ACKERMAN,[*] <u>District Judge</u>

(Opinion Filed: November 25, 2002)

_____

[*] The Honorable Harold A. Ackerman, United States District Judge for the District of
New Jersey, sitting by designation.

———————

OPINION

———————

BARRY, Circuit Judge

George Theodorou sued appellant Neshannock Township and several of its officials acting in their official capacity under 42 U.S.C. § 1983, alleging a deprivation of property without due process and an unlawful taking without just compensation in violation of the Fifth and Fourteenth Amendments, and a continuing trespass under Pennsylvania law. Following trial, the jury found in Theodorou's favor and awarded him $100,000. The Township brought this timely appeal, arguing only that Theodorou's federal claims were not ripe.[1] We have jurisdiction under 28 U.S.C. § 1291 and will affirm.

**I.**

Because we write only for the parties, we will presume a familiarity with the record and mention only those aspects of the factual and procedural history that are necessary to reach a decision.

Theodorou alleged in his complaint, and testified at trial, that the Township entered his land on July 7, 1989 and, over the course of three days, replaced a deteriorating

———————

[1] Under Federal Rule of Appellate Procedure 28(a)(3) and (5) and Third Circuit Local Appellate Rule 28.1(a), "appellants are required to set forth the issues raised on appeal and to present an argument in support of those issues in their opening brief." Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993). In its opening brief, the Township challenges only the ripeness of Theodorou's taking and procedural due process claims.

2

underground drainage pipe with a larger pipe and covered it up with a manhole cover. He also alleged, and presented evidence, that the Township acted in furtherance of the private property interests of his neighbors, one of whom was the Township Secretary and all of whom were relatives of the Chairman of the Board of Supervisors of the Township, Gale Measel. As noted above, he claimed that the Township's actions violated his property rights under the Fifth and Fourteenth Amendments and constituted a continuing trespass on his property under Pennsylvania law.

The Township moved for a directed verdict at the close of its case at trial, arguing for the first time that, based on the Township Code and ordinances, the Township had the right to enter on Theodorou's property to remedy actions he had taken, thus offsetting any possible Constitutional deprivation. The District Court denied the motion, albeit indicating uncertainty as to the belatedly raised issue, leaving it to the jury to decide whether there was a Constitutional violation. Parenthetically, even at that point in the trial everyone, including the Court, remained confused as to what the cause of action was. As the Court had observed at the very outset of trial, in what was clearly an understatement, "You all sure didn't do a real good job of setting this out for me."

The following morning, immediately prior to the District Court instructing the jury, the word "jurisdiction" was first mentioned by the Township when it argued, again for the first time, that there was no constitutional violation because Theodorou had adequate post-deprivation remedies against the Township and because nothing was "taken" from him but, rather, a benefit had been provided him. The Court observed that "You picked a fine time to

3

tell me" of this possible jurisdictional problem, and decided to finish the trial and sort it out later after research and reflection if the verdict made it necessary to do so.

The jury returned a verdict in Theodorou's favor as to both his federal and state claims and awarded him $20,000 for property damage and $80,000 for emotional distress, embarrassment, humiliation and impairment of reputation. The Township moved for judgment as a matter of law on numerous grounds, including, as relevant here, that Theodorou had not pursued the state post-deprivation remedies that were available to him under Pennsylvania's Eminent Domain Code. The District Court denied the Township's motion in a one-line order, and the Township appealed, raising, as we noted, only the issue of ripeness.

## II.

We exercise plenary review over a ripeness challenge. Sameric Corp. v. City of Philadelphia, 142 F.3d 582, 597 (3d Cir. 1998). Ripeness is directly relevant to whether a district court has subject matter jurisdiction and is an independent predicate for judicial review. 15 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE, § 101.70[1], [2] (3d ed. 2002). Since ripeness is a prerequisite to federal suit, a plaintiff who brings a federal takings claim must allege facts showing that the claim is ripe. See FED. R. CIV. P. 8(a)(1).

Theodorou alleged that the Township violated his constitutional rights by taking and depriving him of his property in the purely private interests of Township decision-makers. The jury rendered a general verdict that the Township violated Theodorou's rights under the Fifth Amendment. Although neither the parties nor the District Court were careful to parse

4

the separate Fifth Amendments claims at issue, the Fifth Amendment forbids at least two distinct assaults on private property rights: deprivations of property without due process, and takings of property without just compensation.  A taking, in turn, may be either for public use, which is forbidden unless just compensation is paid, or for private use, which is unlawful regardless of the compensation paid.

The Supreme Court has yet to decide whether a claim that the state used a public purpose as a front to hide its true private purpose in infringing private property rights is properly brought as a takings claim or a substantive due process claim.[2]  See Coniston Corp. v. Village of Hoffman Estates, 844 F.2d 461, 464 (7th Cir. 1988) (discussing objections to moving "private use" takings cases to substantive due process clause).  We, however, have generally treated claims that a state actor was motivated by an improper private purpose under the "substantive due process" heading.  See, e.g., Woodwind Estates, Ltd. v. Gretkowski, 205 F.3d 118, 124 (3d Cir. 2000) (observing that in order to establish substantive due process violation under § 1983, plaintiff must show that government's actions were "arbitrary, irrational, or tainted by improper motive"); Parkway Garage, Inc. v. The City of Philadelphia, 5 F.3d 685 (3d Cir. 1993) (noting that whether "the government's actions in a particular case were in fact motivated by bias, bad faith or improper motive... is

---

[2] In order to show that the Township's action served a private rather than a public use, Theodorou had to show that its action was not "rationally related to a conceivable public purpose."  See National R.R. Passenger Corp. v. Boston & Me. Corp., 503 U.S. 407, 422 (1992); Hawaii Hous. Auth. v. Midkiff, 467 U.S. 229, 241 (1984).  Because almost any public action can be justified as rational, successful claims of a taking for private use are rare.

a question of fact for the jury to decide").

Theodorou specifically argued to the jury, and argues to us on appeal, that the Township interfered with his property for a wholly private, non-public purpose. He has expressly and consistently rejected the position that the Township took his property for a "public use." Therefore, we will consider only the Township's ripeness challenge to Theodorou's private use takings claim and due process claim.

In the takings context, ripeness has two components: a final decision by the state actor and denial of just compensation through all available state procedures. <u>Williamson County Reg'l Planning Comm'n v. Hamilton Bank</u>, 473 U.S. 172, 193-97. A physical taking is by definition a final decision for the purpose of satisfying <u>Williamson</u>'s first requirement. <u>See</u> <u>McKenzie v. City of White Hall</u>, 112 F.3d 313, 317 (8th Cir. 1997). The second requirement ordinarily requires a plaintiff to seek compensation from the state before proceeding to federal court if adequate state procedures are available.[3] <u>See</u> <u>Williamson County</u>, 473 U.S. at 195.

State takings of private property for *private* use are not permitted, however, with or without just compensation. <u>See</u> <u>Montgomery v. Carter County</u>, 226 F.3d 758, 770 (6th Cir. 2000); <u>Samaad v. City of Dallas</u>, 940 F.2d 925, 936-37 (5th Cir. 1991); <u>but see</u> <u>Forseth v.</u>

---

[3]     The Pennsylvania Eminent Domain Code, 26 P.S. § 1-101 <u>et seq.</u>, provides that a condemnee is entitled to just compensation for the taking, injury or destruction of his property. 26 P.S. § 1-601. It further provides for a procedure in state court by which a property owner may pursue this remedy. <u>Id.</u> § 1-502. Therefore, Theodorou may well have been able to obtain relief under Pennsylvania law for any damage to his property resulting from the Township's actions.

Village of Sussex, 199 F.3d 363, 369-70 (7th Cir. 2000). Therefore, Theodorou need not seek compensation for an alleged physical taking for private use through a state procedure in order to ripen this claim. Therefore, assuming such a "private purpose" claim can properly be brought under the takings clause, this claim is ripe.

The District Court also instructed the jury to consider whether the Township violated Theodorou's right not to be deprived of his property without due process. Since the deprivation of private property without due process is likewise a constitutional violation even if compensation is paid, these claims are also ripe.[4]

**III.**

For the reasons set forth above, Theodorou's § 1983 claim alleging a deprivation of his property without due process and a taking of his property without just compensation in violation of the Fifth Amendment is ripe. No other issues having been raised on appeal, the District Court's order of August 7, 2001, which order denied the Township's post-trial motion, will be affirmed.

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

---

[4] We will not speculate as to the success of a Fourteenth Amendment equal protection claim based on interference with private property, see Village of Willowbrook v. Olech, 528 U.S. 562 (2000), since Theodorou never articulated such a theory of liability and the District Court treated his § 1983 claim as proceeding via only the Fifth Amendment takings and due process clauses.

/s/ Maryanne Trump Barry
Circuit Judge