Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Argued April 19, 2007 Decided May 25, 2007

No. 06-7004

ROSE RUMBER, ET AL.,
APPELLANTS

v.

DISTRICT OF COLUMBIA AND
NATIONAL CAPITAL REVITALIZATION CORPORATION,
APPELLEES

---

Appeal from the United States District Court
for the District of Columbia
(No. 04cv01170)

---

*Elaine J. Mittleman* argued the cause and filed the briefs for appellants.

*Paul J. Kiernan* argued the cause for appellees the District of Columbia and National Capital Revitalization Corporation. With him on the brief were *Linda Singer*, Attorney General, Office of Attorney General for the District of Columbia, *Todd S. Kim*, Solicitor General, *Edward E. Schwab*, Deputy Solicitor

General, and *Donna M. Murasky*, Senior Assistant Attorney General.

Before: HENDERSON, ROGERS and KAVANAUGH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* ROGERS.

ROGERS, *Circuit Judge*: This appeal arises out of the District of Columbia's decision to renovate the Skyland Shopping Center area in Southeast Washington, D.C. Following the enactment of the National Capital Revitalization Corporation ("NCRC") Eminent Domain Clarification and Skyland Eminent Domain Approval Amendment Act of 2004 ("2004 Skyland Act"), 52 D.C. Reg. 859 (Dec. 29, 2004), several property owners, tenants, and an employee of the Skyland Shopping Center sued to enjoin the commencement of eminent domain proceedings. They also sought a declaratory judgment that the 2004 Skyland Act violated the takings, due process, and equal protection provisions of the Fifth Amendment, and that the District of Columbia had exceeded its authority in enacting the statute. The district court dismissed the complaint on the ground that the just compensation challenge was not ripe. *Rumber v. District of Columbia*, 427 F. Supp. 2d 1, 3 (D.D.C. 2005). Because the district court did not address the public use claim, we reverse that part of the dismissal and remand the case to the district court.

## I.

In 2004 and 2005, the Council of the District of Columbia enacted a series of laws pertaining to the eminent domain power of NCRC with regard to the Skyland Shopping Center area ("the

Skyland Acts").[1]   The 2004 Skyland Act, which authorized NCRC to exercise eminent domain power to acquire the Skyland Shopping Center, took effect on April 5, 2005.

On July 13, 2004, several property owners, tenants, and an employee of the Skyland Shopping center ("appellants") filed a complaint in the United States District Court for the District of Columbia against the District of Columbia and NCRC (hereinafter collectively "the District").  Attempting to prevent the exercise of eminent domain at the Skyland Shopping Center, they alleged, in their third amended complaint, that the enactment and execution of the Skyland laws violated the takings, due process, and equal protection provisions of the Fifth Amendment.  Compl. ¶¶ 5, 105, 114, 121, 130, 135.  Although the complaint included a just compensation challenge, a central allegation in the complaint, similar to that in *Kelo v. City of New London*, 545 U.S. 469, 476-77 (2005), was that the taking would not serve a public purpose.  *See* Compl. ¶¶ 106, 114.

The district court granted the District's motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1).  Relying on *Williamson County Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 186-87, 194 (1985), in which the Supreme Court held that a just

---

[1] *See* National Capital Revitalization Corporation Eminent Domain Clarification and Skyland Eminent Domain Approval Emergency Amendment Act of 2004, 51 D.C. Reg. 5967 (May 21, 2004); National Capital Revitalization Corporation Eminent Domain Clarification and Skyland Eminent Domain Approval Congressional Review Emergency Amendment Act of 2004, 51 D.C. Reg. 8983 (Aug. 2, 2004); National Capital Revitalization Corporation Eminent Domain Clarification and Skyland Eminent Domain Approval Temporary Amendment Act of 2004, 51 D.C. Reg. 6743 (June 23, 2004).

compensation claim is not ripe until a government entity has made a final decision with regard to the property at issue and the plaintiff has sought compensation through State procedures, the district court held that its review of Fifth Amendment challenges was premature "until [] a taking occurs, and [] [the District of Columbia] provides, or fails to provide, compensation." *Rumber*, 427 F. Supp. 2d at 5. If just compensation was provided, the district court concluded that there would be no real controversy among the parties. *Id.* at 5-6. The district court noted, in dismissing the complaint as unripe, that if condemnation proceedings were commenced, appellants would have an opportunity to raise their constitutional challenges in the District of Columbia courts. *Id.* at 5.

Appellants appeal on the ground that *Williamson County* is inapplicable to their physical takings claim.

## II.

The Fifth Amendment to the Constitution provides, in relevant part:

> No person shall . . . be deprived of . . . property, without due process of law; nor shall private property be taken for public use, without just compensation.

U.S. CONST. amend. V. The Fifth Amendment thus prohibits takings without just compensation and takings for a private purpose. A taking for a private purpose is unconstitutional even if the government provides just compensation. *See Haw. Hous. Auth. v. Midkiff*, 467 U.S. 229, 241 (1984).

In treating appellants' claims under the Fifth Amendment as just compensation claims, the district court overlooked their public use claim. The first claim in appellants' third amended

complaint alleged, in relevant part, that "[t]he Skyland Acts violate the Fifth Amendment by permitting the taking of plaintiffs' property without a valid identified public use" and that "[b]ecause of their speculative nature, the projected purposes of economic benefit, alleviating unemployment, and revitalizing the economic base of the community do not constitute [a] public use." *Id.* ¶¶ 106, 108. The second claim alleged that "[t]he planned taking is for a private use and not for a public use." *Id.* ¶ 114. The complaint also alleged that the Skyland Acts authorize the taking of property "for the advantage of other private interests" and the taking of more property than is "needed to accomplish the claimed public use." *Id.* ¶¶ 109, 110.

The circuit courts of appeals to address the issue have held that *Williamson County*'s ripeness requirements do not apply to a public use claim. *See Theodorou v. Measel*, 53 F. App'x 640, 643 (3d Cir. 2002); *Montgomery v. Carter County*, 226 F.3d 758, 766-67 (6th Cir. 2000); *McKenzie v. City of White Hall*, 112 F.3d 313, 317 (8th Cir. 1997); *Armendariz v. Penman*, 75 F.3d 1311, 1320-21 & n.5 (9th Cir. 1996) (en banc); *Samaad v. City of Dallas*, 940 F.2d 925, 936-37 (5th Cir. 1991). *But see Forseth v. Village of Sussex*, 199 F.3d 363, 370 (7th Cir. 2000). In *Montgomery*, the Sixth Circuit explained:

> Because the [plaintiffs'] claim is that their property has been taken for a strictly private use, state eminent domain proceedings are unnecessary to determine whether there has been a constitutional violation. Private-use takings . . . are unconstitutional regardless of whether just compensation is paid. . . . Requiring a plaintiff to wait before suing in federal court, when her sole claim is that she was dispossessed of property for a private use, would have only one apparent purpose –– to force the plaintiff to vet her claims in state

> proceedings . . . before the claims can be aired in federal court. But forcing the plaintiff to pursue state "remedial" procedures would be an exhaustion requirement, a requirement that *Williamson County* explicitly does not impose.

*Montgomery*, 226 F.3d at 766-67. The one circuit taking a different view interprets *Williamson County* very broadly. *See Forseth*, 199 F.3d at 369-70 n.8 (citing *Covington Court, Ltd. v. Village of Oak Brook*, 77 F.3d 177, 178-79 (7th Cir. 1996)). This court has not addressed whether *Williamson County* applies to public use claims. We find the reasoning of the majority of the circuits persuasive because the Fifth Amendment Takings Clause protects two distinct rights and *Williamson County* does not explicitly require exhaustion for all Fifth Amendment claims. We, therefore, hold that the ripeness requirements of *Williamson County* do not apply to public use claims under the Fifth Amendment. Because appellants challenged the Skyland Acts as a "taking [] for a private use and not for a public use," Compl. ¶ 114; *see also id.* ¶¶ 106, 109, we reverse the dismissal of the complaint with respect to the public use claim.

Appellants also raised due process and equal protection claims. Even the circuit court of appeals interpreting *Williamson County* very broadly has recognized that *bona fide* equal protection claims arising from land use decisions may be made independently of a takings claim and not be subject to *Williamson County* ripeness requirements. *See Forseth*, 199 F.3d at 370 (citing *Hager v. City of West Peoria*, 84 F.3d 865, 869-70 (7th Cir. 1996)). That court also has taken the position that awarding the types of relief appellants have requested — an order declaring the Skyland Acts unconstitutional and injunctive relief barring exercise of eminent domain power — "would render *Williamson County*'s holding nugatory." *Patel v. City of Chicago*, 383 F.3d 569, 574 (7th Cir. 2004); *see id.* at 573.

Here, the District maintains that appellants' allegations regarding the 2004 Skyland Act — claims that it severely reduced the value of their property and leases, Compl. ¶ 115, placed their livelihoods at risk, *id.* ¶ 122, and specifically targeted and affected plaintiffs and their businesses and property, *id.* ¶ 117 — state a takings claim rather than an equal protection or due process claim. *See Patel*, 383 F.3d at 573. In their reply brief, appellants do not explicitly challenge the District's characterization of their due process and equal protection claims. Although appellants maintain that in view of the commencement of condemnation proceedings in the District of Columbia courts their claims are ripe, appellants' focus is on their public use claim. We therefore remand only their public use claim to the district court.

Finally, appellants' challenge to the authority of the District of Columbia is without merit. Congress has delegated legislative powers to the District government. *See* D.C. CODE §§ 1-203.02, 1-204.04(b), 16-1311; *District of Columbia v. John R. Thompson Co.*, 346 U.S. 100, 110 (1953); *Marijuana Policy Project v. United States*, 304 F.3d 82, 83 (D.C. Cir. 2002). Consequently, the District government's delegation of eminent domain authority to the NCRC does not involve an improper redelegation, particularly as the statute establishing NCRC, *see* D.C. CODE §§ 2-1219.01-1219.29, requires the D.C. Council to approve any eminent domain action, *see id.* § 2-1219.19(b); *see generally* 1A NICHOLS ON EMINENT DOMAIN § 3.03[4].

Accordingly, we reverse the dismissal of appellants' public use claim as unripe and remand that part of the case to the district court. Upon remand, the district court should address the District's other grounds for dismissal of the complaint, including the standing of individual appellants, res judicata as may arise from the condemnation proceedings in the District of Columbia courts, and, in its discretion, abstention.